IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BRANDY FAY LILLY                                                                                      PLAINTIFF

vs.                                         Civil No. 2:15-cv-02019

CAROLYN COLVIN                                                                                   DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Brandy Fay Lilly ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

### 1. Background:

Plaintiff's application for SSI was filed on July 26, 2012 and for DIB on August 11, 2012. (Tr. 10).  Plaintiff alleged she was disabled due to mood disorder, mental retardation, short-term memory loss, learning disability, bipolar disorder, post-traumatic stress disorder (PTSD), personality disorder, anxiety disorder, neck and back pain, and headaches.  (Tr. 28, 33, 39, 42-43, 213).  Plaintiff

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___"  The transcript pages for this case are referenced by the designation "Tr."

1

alleged an onset date of June 15, 2011. (Tr. 259). These applications were denied initially and again upon reconsideration. (Tr. 10). Thereafter, Plaintiff requested an administrative hearing on her applications and this hearing request was granted. (Tr. 146).

Plaintiff's administrative hearing was held on July 26, 2013. (Tr. 25-55). Plaintiff was present and was represented by counsel, Michael Hamby, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Jim B. Spragins testified at this hearing. *Id.* At the time of this hearing, Plaintiff was twenty-five (25) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had completed the 11th grade. (Tr. 31).

On September 20, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI. (Tr. 10-20). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2012. (Tr. 12, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 15, 2011. (Tr. 12, Finding 2).

The ALJ determined Plaintiff had the severe impairments of learning disability, mood disorder, and anxiety. (Tr. 12, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 14-19). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform a full range of work at all exertional levels where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, few

variables and little judgment are required, and supervision required is simple, direct, and concrete. (Tr. 14, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 19, Finding 6). The ALJ found Plaintiff was able to perform her PRW as a kitchen helper. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from June 15, 2011, through the date of the decision. (Tr. 19, Finding 7).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 5). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-4). On January 23, 2015, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on January 23, 2015. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 11, 12. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the

findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this

analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal only claiming the ALJ erred in the RFC determination by failing to properly consider her GAF scores. ECF No. 11, Pgs. 3-4. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 12.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In social security cases, it is important for an ALJ to evaluate a claimant's Global Assessment of Functioning ("GAF") score in determining whether that claimant is disabled due to a mental

impairment. GAF scores range from 0 to 100. Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000). The Eighth Circuit has repeatedly held that GAF scores (especially those at or below 40) must be carefully evaluated when determining a claimant's RFC. *See Conklin v. Astrue,* 360 F. App'x. 704, 707 (8th Cir. 2010)

In this matter, the ALJ determined Plaintiff retained the RFC to perform a full range of work at all exertional levels where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, few variables and little judgment are required, and supervision required is simple, direct, and concrete. (Tr. 14, Finding 5). Plaintiff argues the ALJ erred in this RFC determination by failing to properly consider her GAF scores. ECF No. 11, Pgs. 3-4. However, substantial evidence supports the ALJ's RFC determination and his treatment of Plaintiff's GAF scores.

In this matter, the ALJ did discuss Plaintiff's GAF scores and concluded the scores were not a reliable measure of Plaintiff's functional ability. (Tr. 17). The ALJ discussed Plaintiff's medical record which showed on November 19, 2012, while being treated at Vista Health, she was alert and oriented, denied homicidal and suicidal ideation, was in stable condition, and had a good prognosis. (Tr. 15). Also, on March 4, 2013, when seen at Western Arkansas Counseling, Plaintiff was alert, oriented, and cooperative; demonstrated normal speech; showed no signs of distress; had a logical and coherent thought process; was not delusional; demonstrated normal concentration; had an intact memory; and was no risk to herself or others. (Tr. 485-486).

The ALJ found Plaintiff's daily activities were not consistent with her claims of disabling mental impairments. (Tr. 16-17). Plaintiff cared for her children, cleaned, maintained her hygiene, prepared meals, did laundry, drove, shopped, spent time with others, attended church, and had never been fired or laid off due to problems getting along with others. *Id.* The ALJ also found Plaintiff

failed to follow through with her treatment and was discharged from treatment due to noncompliance, which undermines her complaints of disabling symptoms. (Tr. 17-18). The ALJ also noted no treating physician placed any restrictions on Plaintiff's ability to work. (Tr. 17).

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination. Further, the ALJ did discuss and properly discounted Plaintiff's GAF scores. Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met this burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **25th day of January 2016.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE